IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AHLBORN STRUCTURAL STEEL, INC.,     )
a California Corporation,           )        2:11-cv-01544-GEB-CKD
                                    )
                Plaintiff,          )
                                    )        DISMISSAL ORDER
        v.                          )
                                    )
T.B. PENICK & SONS, INC., a         )
California Corporation; SAFECO      )
INSURANCE COMPANY OF AMERICA, a     )
Washington Corporation,             )
                                    )
                Defendants.         )
_____)

        On October 17, 2012, the parties filed a "Motion for Leave to

Enter Final Order by Agreement," in which they request leave to file an

attached proposed judgment dismissing the action by reason of

settlement. (ECF No. 21.) The proposed judgment states in its entirety

as follows:

            The Court has been advised by counsel that
        this action has been settled, or is in the process
        of being settled. Therefore, it is not necessary
        that the action remain upon the calendar of the
        Court.

            It is therefore ordered that the action is
        dismissed without prejudice. The Court retains
        complete jurisdiction to vacate this order and to
        reopen the action upon cause shown that settlement
        has not been completed and further litigation is
        necessary[.]

(ECF No. 21-1.)

The parties have not shown justification for the federal court to exercise jurisdiction over a confidential settlement agreement that the Court has not seen and "have [not] alleged . . . facts that would justify [exercising ancillary] federal jurisdiction over [any potential] settlement dispute." O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995). "[T]he mere fact that the parties agree that the court [shall] exercise continuing jurisdiction is not binding on the court." Arata v. Nu Skin Intern., Inc., 96 F.3d 1265, 1269 (9th Cir. 1996) (citing Cal. v. La Rue, 409 U.S. 109, 112 n.3 (1972)); Collins v. Thompson, 8 F.3d 657, 659 (9th Cir. 1993)("A federal court may refuse to exercise continuing jurisdiction [over a settlement agreement] even though the parties have agreed to it. Parties cannot confer jurisdiction by stipulation or consent.")(citations omitted); O'Connor, 70 F.3d at 532 ("In Kokkonen[], the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit.")(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)). Therefore, the parties' conclusory request that the federal court exercise ancillary jurisdiction over their settlement is denied.

Further, in light of the parties' settlement of this action, and since they evince their intent to have this action dismissed without prejudice, this action is dismissed without prejudice. See Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986) ("[T]he parties' . . . representations to the court agreeing to a dismissal . . . constituted a voluntary stipulated dismissal under Rule 41(a)(1)(ii). The district court did not err in ordering the dismissal."); see also Oswalt v. Scripto, Inc., 616 F.2d 191, 195 (5th Cir. 1980)(stating "[n]or are we

deterred from finding a stipulated dismissal by the fact that there is no formal stipulation of dismissal entered in the record by [the parties]," if it is obvious that is what the parties intended).

Dated:  October 18, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge