IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
AHLBORN STRUCTURAL STEEL, INC.,  )
a California Corporation,        )   2:11-cv-01544-GEB-CKD
                                 )
             Plaintiff,          )
                                 )   DISMISSAL ORDER
     v.                          )
                                 )
T.B. PENICK & SONS, INC., a      )
California Corporation; SAFECO   )
INSURANCE COMPANY OF AMERICA, a  )
Washington Corporation,          )
                                 )
             Defendants.         )
_____)
```

On October 17, 2012, the parties filed a "Motion for Leave to Enter Final Order by Agreement," in which they request leave to file an attached proposed judgment dismissing the action by reason of settlement. (ECF No. 21.) The proposed judgment states in its entirety as follows:

> The Court has been advised by counsel that this action has been settled, or is in the process of being settled. Therefore, it is not necessary that the action remain upon the calendar of the Court.
>
> It is therefore ordered that the action is dismissed without prejudice. The Court retains complete jurisdiction to vacate this order and to reopen the action upon cause shown that settlement has not been completed and further litigation is necessary[.]

(ECF No. 21-1.)

1  The parties have not shown justification for the federal court
2 to exercise jurisdiction over a confidential settlement agreement that
3 the Court has not seen and "have [not] alleged . . . facts that would
4 justify [exercising ancillary] federal jurisdiction over [any potential]
5 settlement dispute." O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir.
6 1995). "[T]he mere fact that the parties agree that the court [shall]
7 exercise continuing jurisdiction is not binding on the court." Arata v.
8 Nu Skin Intern., Inc., 96 F.3d 1265, 1269 (9th Cir. 1996) (citing Cal.
9 v. La Rue, 409 U.S. 109, 112 n.3 (1972)); Collins v. Thompson, 8 F.3d
10 657, 659 (9th Cir. 1993)("A federal court may refuse to exercise
11 continuing jurisdiction [over a settlement agreement] even though the
12 parties have agreed to it. Parties cannot confer jurisdiction by
13 stipulation or consent.")(citations omitted); O'Connor, 70 F.3d at 532
14 ("In Kokkonen[], the Supreme Court held that federal courts do not have
15 inherent or ancillary jurisdiction to enforce a settlement agreement
16 simply because the subject of that settlement was a federal
17 lawsuit.")(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.
18 375, 381 (1994)). Therefore, the parties' conclusory request that the
19 federal court exercise ancillary jurisdiction over their settlement is
20 denied.
21  Further, in light of the parties' settlement of this action,
22 and since they evince their intent to have this action dismissed without
23 prejudice, this action is dismissed without prejudice. See Eitel v.
24 McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986) ("[T]he parties' . . .
25 representations to the court agreeing to a dismissal . . . constituted
26 a voluntary stipulated dismissal under Rule 41(a)(1)(ii). The district
27 court did not err in ordering the dismissal."); see also Oswalt v.
28 Scripto, Inc., 616 F.2d 191, 195 (5th Cir. 1980)(stating "[n]or are we

deterred from finding a stipulated dismissal by the fact that there is no formal stipulation of dismissal entered in the record by [the parties]," if it is obvious that is what the parties intended).

Dated: October 18, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge